

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

<u>**VIA ECF**</u>                                                                                                              March 22, 2023

Hon. John P. Cronan
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

           **Re: *Smith v. Mayorkas, et al.*, No. 22 Civ. 9576 (JPC)**

Dear Judge Cronan:

       This Office represents the government in the above-referenced action in which the plaintiff challenges a decision by U.S. Citizenship and Immigration Services ("USCIS") to deny his Application to Register Permanent Residence or Adjust Status (Form I-485). I write respectfully to request that this case be stayed for 120 days because USCIS has recently reopened the plaintiff's Form I-485 application in an effort to potentially avoid motions practice. This is significant because through reopening the underlying application, USCIS has now vacated the prior agency denial that was challenged in this case. In addition, USCIS has sent the plaintiff a Request for Evidence ("RFE"), which the plaintiff plans on responding to in due course.

       USCIS expects to issue a decision after receiving the plaintiff's response to the RFE, and the 120-day stay requested by defendants should allow for USCIS to both process the plaintiff's response and make a final agency determination in this matter. If USCIS ultimately grants the disputed application, there should be no further need for litigation in this matter.

       A district court has the "inherent power" to stay a pending action in the interest of judicial economy. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). When determining whether a stay is appropriate, a district court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255. In this case, the requested stay would save the resources of the parties and the Court, as the civil action may be mooted once the agency makes a final determination on the plaintiff's Form I-485 application. And no party is prejudiced here because plaintiff consents to this requested stay.

       At the conclusion of the 120-day stay, the parties propose filing a joint status report with the Court to apprise the Court of whether additional time is needed. Similarly, if this action becomes moot, the parties propose updating the Court regarding that development. The government's motion to dismiss is presently due on March 23, 2023. Should the Court deny this consent motion, the government respectfully requests that it be permitted to file its motion to dismiss within seven days of this Court's order denying the instant motion.

       I thank the Court for its consideration of this letter.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:  *s/ Joshua S. Press*
       JOSHUA S. PRESS
       Special Assistant United States Attorney
       86 Chambers Street, 3rd Floor
       New York, New York 10007
       Telephone: (202) 305-0106
       E-mail:  joshua.press@usdoj.gov
       *Attorney for Defendants*

cc:  Counsel of Record (via ECF)

The request is granted.  The case is stayed.  By July 21, 2023, the parties shall submit a status letter as to Plaintiff's Form I-485 application.

SO ORDERED.

March 23, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge